13-2257
Xu v. Holder

BIA
Burr, IJ
A072 764 210

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand fourteen.

PRESENT:
       ROBERT A. KATZMANN,
         *Chief Judge,*
       RICHARD C. WESLEY
       GERARD E. LYNCH,
         *Circuit Judges.*

_____

WEN HUNG XU, a.k.a. WEN GUANG XU a.k.a.
WEN KUNG XU a.k.a. GEK SAN LOW,
       *Petitioner,*

      v.              13-2257
                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONER:      Peter D. Lobel, Esq., New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director, Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Wen Hung Xu, a native and citizen of China, seeks review of a May 9, 2013, decision of the BIA affirming the October 4, 2011, decision of an Immigration Judge ("IJ"), which denied his motion to reopen his 1994 exclusion proceedings to permit him to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Hung Xu*, No. A072 764 210 (B.I.A. May 9, 2013), *aff'g* No. A072 764 210 (Immig. Ct. N.Y.C. Oct. 4, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review motions to reopen for abuse of discretion, *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam), and review determinations regarding changed country conditions for substantial evidence, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). In order to reopen *in absentia* exclusion proceedings, an alien must demonstrate either

2

reasonable cause for his failure to appear at his hearing, or a material change in country conditions to excuse the relevant time limitation on motions to reopen. *Twum v. INS*, 411 F.3d 54, 58 n.2 (2d Cir. 2005). Xu has demonstrated neither.

First, Xu has not demonstrated cause for his failure to appear for a hearing in 1994: his brief does not address the *in absentia* order or allege reasonable cause for failure to appear. Second, he has not demonstrated any material change in conditions warranting reopening of his proceedings. An alien seeking to reopen proceedings in order to apply for new relief is required to file a motion to reopen no later than ninety days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). There is no question that Xu's 2011 motion to reopen was untimely because the IJ issued the exclusion order in 1994. However, the time and number limitations do not apply if the motion is "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4).

3

Here, contrary to Xu's contentions, the agency did not ignore evidence of changed country conditions. Xu's 2011 baptism into the Christian faith constitutes a changed personal circumstance, which is insufficient to demonstrate a change in country conditions. *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006); *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (per curiam).

Furthermore, the agency's determination that Xu's evidence did not establish a change in the treatment of Christians in China is supported by substantial evidence. The evidence shows that the mistreatment was a continuation of previous conditions. For example, the Congressional-Executive Commission on China's 2010 Annual Report, upon which Xu relies in support of his changed country conditions claim, states that "authorities *continued* to harass and detain arbitrarily members of house churches throughout China and interfere with their places of worship," and the State Department's 2009 Human Rights Report states that the "government *continued* to strictly control religious practice," "Government efforts to control and regulate religious groups, particularly unregistered

4

groups, *continued*," and "[h]arassment of unregistered Catholic bishops, priests, and lay persons *continued*." In his brief, Xu cites to an article that relies on a report by the charity Christian Solidarity Worldwide for the proposition that "[h]uman rights groups have documented an increasing number of arrests of Chinese Christians since the beginning of 2004 . . . especially in the provinces of Zhejiang, Jiangsu and Hebe[i]." The article, however, actually states:

> *Human rights groups have documented an increasing number of arrests of Chinese Christians since the beginning of 2004.*
>
> According to the charity Christian Solidarity Worldwide, persecution is becoming more systematic and targeted at large-scale Christian gatherings.
>
> Since June [2004] the charity has documented three mass arrests of unregistered Christians. In each case more than 100 people were detained. Amnesty international has reported many cases of detained church leaders in recent years, *especially in the provinces of Zhejiang, Jiangsu and Hebei.*

Certified Administrative Record at 111 (article from news.bbc.co.uk) (emphasis added to demonstrate alteration). Accordingly, because the evidence supports the BIA's conclusion that there has not been a change and Xu has pointed to no evidence calling the BIA's decision into question, we find no abuse of discretion.

5

For the foregoing reasons, the petition for review is DENIED.  Accordingly, Xu's pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk